IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CLAUDIA THOMAS,              )
                             )
        Plaintiff,            )
                             )
vs.                          )   Case No. 09-0431-CV-W-ODS
                             )
MICHAEL J. ASTRUE,           )
Commissioner of Social Security, )
                             )
        Defendant.            )

**ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION
DENYING BENEFITS AND REMANDING FOR RECONSIDERATION**

Pending is Plaintiff's request for review of the final decision of the Commissioner of Social Security denying her application for supplemental security income benefits. The Commissioner's decision is reversed and the case is remanded for reconsideration.

Plaintiff was born in January 1962, has earned her GED, and has prior work experience as a janitor and a home health care worker. She filed her application for benefits in May 2006.[1] Plaintiff suffers from pancreatitis, depression, and anxiety, which she claims combine to preclude her from working. The ALJ found Plaintiff suffers from the severe impairments of substance dependence and pancreatitis, but that her anxiety and depression were not severe.

An impairment is "not severe" if it has no more than a minimal impact on an individual's ability to perform basic work activities. 20 C.F.R § 416.921(a). For mental impairments, the Commissioner must consider the condition's effect in four functional areas: "[a]ctivities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." Id. § 416.920a(c)(3). A condition's effect may be described as "none, mild, moderate, marked, and extreme." Id. § 416.920a(c)(4). An impairment is not severe if the degree of limitation "in the first three functional areas [is]

---

[1]Plaintiff asserted a disability onset date of October 14, 2001, but she previously filed an application for benefits that was denied on February 28, 2003. The prior decision was not reopened, so she cannot obtain benefits from before that date.

'none' or 'mild' and 'none' in the fourth area . . . ." Id. § 416.920a(d). The ALJ determined that with or without substance use the claimant had no limitations in social functioning and mild limitations in activities of daily living, and "no episodes of decompensation of an extended duration." He determined she normally had mild limitations in the area of concentration, persistence or pace, but was moderately impaired in this area when under the influence of drugs. R. at 10-11.

There are two problems with the ALJ's findings. First, he should not have considered the effect of illegal drugs at this step of the analysis. It is true that "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 1382c(a)(3)(J). However, relying on regulations promulgated by the Commissioner (e.g., 20 C.F.R. § 416.935), the Eighth Circuit has held the ALJ must first complete the five-step sequential analysis "without segregating out any effects that might be due to substance use disorders." Brueggemann v. Barnhart, 348 F.3d 689, 694 (8th Cir. 2003). Once this is done, "[i]f the gross total of a claimant's limitations, including the effects of substance abuse disorders, suffices to show disability, then the ALJ must next consider which limitations would remain when the effects of the substance use disorders are absent." Id. at 694-95.

It might seem that any error is harmless because the final decision will be the same regardless of whether the effects of drugs and alcohol are "subtracted" at the beginning or at the end. However, like in Brueggemann, "[t]he nature of the ALJ's abbreviated decision-making on the [substance abuse] issue deprives us (and the Commissioner) of a solid record on this point." Id. at 695. There is abundant evidence Plaintiff suffers from mental impairments that would exist even if Plaintiff did not use marijuana. However, there is also evidence that Plaintiff regularly (1) failed to take prescribed medication and (2) used marijuana, which diminished the efficacy of her medication (when she deigned to take it). "In order to receive benefits, a claimant must follow the treatment prescribed by her physician if this treatment can restore her ability to work." Whitehurse v. Apfel, 158 F.3d 987, 988 (8th Cir. 1998). If a condition can be

2

alleviated by treatment or medication, it is not disabling.  E.g., Patrick v. Barnhart, 323 F.3d 592, 596 (8th Cir. 2003); Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  The ALJ must parse out (1) the extent and nature of Plaintiff's mental condition and the (2) the ameliorative effect of any medication.  If Plaintiff is found to be disabled, then – and only then – the ALJ should consider the potential effects of Plaintiff's substance abuse.

The importance of this error is magnified in light of the second.  The Record is replete with evidence that Plaintiff hears voices and that those voices sometimes tell her to harm herself or others.  It is not clear the extent to which this condition is resolved with medication or aggravated by Plaintiff's drug use.  The ALJ seems to have held that compliance with medication and abstinence from narcotics caused the hallucinations to stop, R. at 18, but there is no support in the Record for this proposition.[2]  At best, there is evidence that the situation improved, but it is not clear what this means: does it mean she experienced less hallucinations, benign hallucinations, or hallucinations that were easier to ignore?  And what is the residual functional capacity for a person who has "some hallucinations"?  Finally, there is also evidence indicating stress induces the hallucinations, which was not adequately considered by the ALJ.  Minimally, the evidence suggests Plaintiff may need to avoid stress – in which case, she suffers from a non-exertional impairment that precludes the ALJ's reliance on the Medical-Vocational Guidelines.  Testimony from a vocational expert may be required.

The Court acknowledges the difficulties presented by this Record.  There does not appear to have been a time when Plaintiff was compliant with both (1) her medication and (2) her doctors' directives to stop using illicit drugs.  The issue of drug use, alone, presents the need to engage in a certain degree of speculation.  See Bruegggemann, 348 F.3d at 695.  "When a claimant is actively abusing drugs, this inquiry is necessarily hypothetical, and thus more difficult than if the claimant has stopped."  Kluesner v. Astrue, 607 F.3d 533, 537 (8th Cir. 2010).  Nonetheless, the ALJ must reconsider the evidence (particularly the evidence indicating Plaintiff's medications do not completely

---

[2]It should be noted that there has not been a time when Plaintiff was both compliant with medication and abstaining from drug use.  In fact, there does not appear to have been any period of time when Plaintiff was not using illicit drugs.

3

eliminate her hallucinations), conduct the five-step analysis (which may necessitate eliciting testimony from a vocational expert), and determine whether Plaintiff would be disabled – all without considering the effects of her drug use. The inquiry ends if the resulting determination is that Plaintiff is not disabled. However, if Plaintiff is determined to be disabled, *then* the ALJ should determine what limitations would remain in the absence of Plaintiff's drug use and whether the remaining limitations would result in a finding of disability.[3]

IT IS SO ORDERED.

                                                          /s/ Ortrie D. Smith
                                                          ORTRIE D. SMITH, JUDGE
DATE: August 19, 2010                           UNITED STATES DISTRICT COURT

---

[3] "The claimant has the burden to prove that alcoholism or drug addiction is not a contributing factor." Kluesner, 607 F.3d at 537. If the ALJ cannot determine whether drug use is a contributing factor to the already-ascertained disability, the finding must be for claimant. "In other words, on the materiality of [her] marijuana abuse, a tie would go to [the claimant]." Id. (citing Brueggemann, 348 F.3d at 693).